UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRANDY ESFORD,

         Plaintiff,

       v.                                                                                    25-CV-298-LJV
                                                                                                   ORDER

HARTFORD LIFE INSURANCE
COMPANY,

         Defendant.

_____


On February 4, 2025, the plaintiff, Brandy Esford, commenced this action against

Hartford Life Insurance Company ("Hartford") in New York State Supreme Court, Erie

County.  *See* Docket Item 1-1.  Shortly after removing the case to this Court, Hartford

brought a counterclaim for interpleader against Esford, Docket Item 8, and filed a third-

party interpleader complaint, Docket Item 9, naming Esford's two minor children, S.W.

and P.W., as third-party defendants, *id.*  Hartford says that the proceeds of two life

insurance policies belong to Esford or to Esford and her minor children, and it asks the

Court to decide to whom the proceeds belong.  *See id.* at ¶¶ 9-47.

S.W. and P.W. are both unrepresented in this action and, as third-party

defendants, they have an interest in its outcome.  Under Federal Rule of Civil Procedure

17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate

order—to protect a minor or incompetent person who is unrepresented in an action."

Fed. R. Civ. P. 17(c)(2).  In light of the foregoing, and based on representations made

by counsel for Esford during a status conference held on June 25, 2025, the Court finds

that the appointment of a guardian ad litem to represent S.W. and P.W. in this action is warranted.

## ORDER

Based on the above, it is hereby

ORDERED that Thomas F. Hewner, Esq., is appointed to represent S.W. and P.W. as guardian ad litem in this matter.  The Court will notify Hewner of his selection and advise him to enter an appearance in the action; and it is further

ORDERED that Hewner shall have the authority and duty to act on behalf of S.W. and P.W., as required by justice.  *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989); *Neilson v. Colgate-Palmolive Co.*, 993 F. Supp. 225, 226-227 (S.D.N.Y. 1998), *aff'd*, 199 F.3d 642 (2d Cir. 1999); and it is further

ORDERED that at the conclusion of this matter, Hewner may move this Court for the disbursement of reasonable fees and costs from the amount recovered in this matter.


SO ORDERED.

Dated:   June 27, 2025
         Buffalo, New York



                              */s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE

2